UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

CARMEN CABA AND MARLENE ANTHONY,

                           Plaintiffs,

        -against-

THE CITY OF NEW YORK, MACY'S, INC., doing business as Macy's Department Store at Herald Square, MACY'S STORE DETECTIVES JOHN DOE'S # 1-8, (names and numbers of whom are unknown at present, and other unidentified members NEW YORK CITY POLICE OFFICERS AND SERGEANTS RICHARD ROE'S # 1-4 (names and numbers of whom are unknown at present), and other unidentified members of the New York City Police Department,

                           Defendants.

------------------------------------------------------------------x

**12 CIV**

**CV 12 - 2381**

**COMPLAINT**

**JURY TRIAL DEMANDED**

**SUMMONS ISSUED**

**MATSUMOTO, J.**

**POLLAK, M.J**

## PRELIMINARY STATEMENT

1.     This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiffs, while attempting to lawfully shop at the Macy's Department Store in Downtown Brooklyn, located at 422 Fulton Street, Brooklyn, New York were unlawfully arrested and assaulted and battered by Macy's Store Detectives employed by Macy's Department Store in Downtown Brooklyn and by New York City Police Officers employed by the New York City Police Department. Plaintiff was deprived of her constitutional and common law rights and beaten by police officers employed by the New

York City Police Department. Plaintiffs were deprived of their constitutional and common law rights when the individually named defendants unlawfully confined plaintiffs, caused the unjustifiable arrest of plaintiffs, and utilized excessive force against plaintiffs.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiffs Carmen Caba and Marlene Anthony further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. Plaintiffs Carmen Caba and Marlene Anthony are residents of the County of Kings, State of New York.

6. New York City Police Officers and Sergeants Richard Roe's # 1-4 are and were at all times relevant herein an officers, employees, and agents of the New York City Police Department.

7. On the date of incident, May 14, 2011, upon information and belief New York City Police Officers and Sergeants Richard Roe's # 1-4 were assigned to the 84th Precinct.

8. New York City Police Officers and Sergeants Richard Roe's # 1-4 are being sued herein in their individual and official capacities.

9. At all times relevant herein, New York City Police Officers and Sergeants Richard Roe's # 1-4 were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

10. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

11. Defendant Macy's, Inc., doing business as Macy's Department Store at Herald Square, was and is an Ohio Corporation authorized to do business in the State of New York with its principal place of business in New York County.

12. Defendants Macy's Store Detectives John Does # 1-8 are and were at all times relevant herein store detectives, employees, and agents of defendant Macy's, Inc.

13. Defendants Macy's Store Detectives John Does # 1-8 are being sued in their individual capacities.

14. At all times relevant herein, the defendants Macy's Store Detectives John Does # 1-8 were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of defendant Macy's, Inc., and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.

15. Defendants Macy's Store Detectives John Does # 1-8 acted in concert with New York City Police Officers and Sergeants Richard Roe's # 1-4 to deprive plaintiffs of their constitutional rights.

16. Defendants New York City Police Officers and Sergeants Richard Roe's # 1-4 arrested plaintiffs based solely on the legal conclusions reached by defendants Macy's Store Detectives John Does # 1-8 without conducting an inquiry into whether the facts known to the defendants employed by Macy's established probable cause to believe plaintiffs had committed a crime.

17. Defendants Macy's Store Detectives John Does # 1-8 conspired with defendants New York City Police Officers and Sergeants Richard Roe's # 1-4 to arrest plaintiffs for crimes they did not commit.

18. At all times relevant herein, Defendants Macy's Store Detectives John Does # 1-8 were acting for and on behalf of defendant Macy's, Inc., with the power and authority vested in them as officers, agents and employees of defendant Macy's, Inc. and incidental to the

lawful pursuit of their duties as detectives, supervisors, employees and agents of defendant Macy's, Inc.

## STATEMENT OF FACTS

19. On May 14, 2011 plaintiffs Carmen Caba and Marlene Anthony, both of whom are Latina American females, were lawfully shopping at the Macy's Department Store located at 422 Fulton Street, Brooklyn, New York.

20. At approximately 6:20 p.m. on May 14, 2011 plaintiffs lawfully purchases approximately One Thousand Three Hundred Dollars ($1300) worth of items at the Macy's Department Store during their visit on May 14, 2011.

21. At approximately 6:30 p.m. on May 14, 2011, after they lawfully purchased the merchandise from the Macy's Department Store, plaintiffs Carmen Caba and Marlene Anthony decided to proceed to the restroom in the Macy's Department Store because plaintiff Marlene Anthony's child needed to use the restroom.

22. Marlene Anthony proceeded towards the restroom with her child, as plaintiff Carmen Caba waited outside of the restroom with the merchandise they had just lawfully purchased.

23. Before plaintiff Marlene Anthony was able to enter the restroom with her child, defendants Macy's Store Detectives John Does # 1-8 approached both plaintiffs without legal cause or justification.

24. Plaintiffs possessed receipts for the merchandise in their possession, which they had lawfully purchased from Macy's Department Store.

25. Nevertheless, plaintiffs were detained without legal cause or justification by defendants Macy's Store Detectives John Does # 1-8.

26. Plaintiffs were not free to leave Macy's Department Store.

27. Plaintiffs were accused of shoplifting even though they were in possession of receipts for the items they lawfully purchased.

28. At no time did plaintiffs leave the store or attempt to leave the store with Macy's merchandise that was not paid for.

29. At no time did plaintiffs remove any security tags from items in their shopping cart.

30. Plaintiffs' actions, as observed by defendants Macy's Store Detectives John Does # 1-8, were wholly consistent with the actions of a lawful shopper in a self-service department store.

31. The facts known to defendants Macy's Store Detectives John Does # 1-8 at the time they arrested and detained plaintiffs were not consistent with the facts necessary to establish probable cause to arrest someone for shoplifting or any related offense, as established by the New York State Courts.

32. Defendants New York City Police Officers and Sergeants Richard Roe's # 1-4 arrived at the location where plaintiffs were being unlawfully held by defendants Macy's Store Detectives John Does # 1-8.

33. Defendants Macy's Store Detectives John Does # 1-8 did not tell defendants New York City Police Officers and Sergeants Richard Roe's # 1-4 and of the facts that allegedly provided them a basis for detaining plaintiffs against their will.

34. Defendants New York City Police Officers and Sergeants Richard Roe's # 1-4 neglected to inquire into whether the Macy's employees were in possession of facts that established probable cause to arrest plaintiffs.

35. Defendants New York City Police Officers and Sergeants Richard Roe's # 1-4 arrested plaintiffs solely based upon the fact that they were already detained by defendants Macy's Store Detectives John Does # 1-8 when they arrived at Macy's.

36. Defendants New York City Police Officers and Sergeants Richard Roe's # 1-4 failed to inquire into whether there was probable cause to believe plaintiffs committed a crime because Macy's, defendant City of New York, and the New York City Police Department ad a prearranged plan, agreement, or conspiracy to arrest anyone identified by the store as a shoplifter.

37. The prearranged plan, agreement, or conspiracy between Macy's and its employees and the New York City Police Department and its employees was instituted because Macy's and the New York City Police Department share a common goal of detaining individuals who are committing the crime of shoplifting.

38. The information provided to defendants New York City Police Officers and Sergeants Richard Roe's # 1-4 by defendants Macy's Store Detectives John Does # 1-8 did not establish probable cause to arrest plaintiffs for any crime.

39. Nevertheless, defendants New York City Police Officers and Sergeants Richard Roe's # 1-4 removed plaintiffs from Macy's and handcuffed and shackled them, and transported them to the 84th Precinct stationhouse.

40. Plaintiffs were assaulted and battered by defendants and excessive force was used against them when defendants used unnecessary physical force against plaintiffs, causing them to suffer physical injuries.

41. Plaintiffs asked the officers to loosen the shackles and handcuffs because they were too tight and they were injuring plaintiffs.

42. Defendants refused to loosen the shackles and handcuffs on plaintiffs causing physical injuries to plaintiffs.

43. Defendants New York City Police Officers and Sergeants Richard Roe's # 1-4 continued detention of plaintiffs upon arrival at the police precinct.

44. Defendants New York City Police Officers and Sergeants Richard Roe's # 1-4 did not have probable cause to continue the detention of plaintiffs based upon the information provided to them by defendants Macy's Store Detectives John Does # 1-8.

45. Plaintiffs were transported to Methodist Hospital to have the physical injuries., caused by the defendants, treated.

46. Eventually plaintiffs were transported to Kings County Central Booking.

47. Plaintiffs were unlawfully detained for approximately thirty (30) hours before they were arraigned before a judge.

48. All charges against plaintiffs were dismissed on or about April 3, 2012.

49. The false arrest, false imprisonment, assault, battery, and excessive force used by defendants caused plaintiffs to sustain pain and suffering, as well as psychological and emotional trauma.

50. Throughout the entire ordeal, plaintiffs complied with the orders of the defendants.

51. Plaintiffs did not resist arrest.

52. The assault, battery, and excessive force used against plaintiffs by defendants was far in excess of their rightful authority. This assault, battery, and excessive force was made without proper cause.

53. Defendants Macy's, Inc. and its employees have a long history of violating their customers' constitutional rights while executing the retailer's security detention procedures.

54. On or about January 14, 2005, the Civil Rights Bureau of the Attorney General's Office in the State of New York filed a federal lawsuit against Macy's, Inc. in the Southern District of New York alleging, amongst other things, that the conduct of Macy's security employees in detaining customers' violated the customers' constitutional rights.

55. As a result of the lawsuit, Macy's entered into a contract with the State of New York in 2005, wherein Macy's agreed to implement training and procedures for security personnel employed by Macy's, which was intended to curtail the constitutional violations that were occurring.

56. The contract entered into between Macy's and the State of New York is publically available.

57. Defendant City of New York and the New York City Police Department were deliberately indifferent to the evidence that security officers employed by Macy's had a long history of violating customers' constitutional rights.

58. Rather than inquire into the factual basis for arrests and detentions of individuals detained by Macy's security for shoplifting, defendant City of New York and the New York City Police Department have a policy, practice, or custom of relying upon Macy's Security Officers' legal conclusions about whether there was probable cause to arrest a customer for shoplifting, rather than inquire into whether there are objective facts which could establish probable cause to arrest the customer.

59. There is a policy, practice or custom within the New York City Police Department wherein New York City Police Officers arrest individuals for shoplifting without first determining whether there is probable cause to arrest the individual.

60. Defendant City of New York and the New York City Police Department are deliberately indifferent to the fact that New York City Police Officers rely upon legal conclusions of security officers employed by Macy's and other stores where customers are accused of shoplifting, rather than inquire into whether the facts known to the security officer establish probable cause to arrest the customer.

61. As a result of defendant City of New York's deliberate indifference about the fact that New York City Police Officers routinely arrest customers of stores who are accused of shoplifting by store security without knowing whether they actually have probable cause to arrest the individual, there is a pattern, policy, custom or practice of New York City Police Officers arresting individuals for shoplifting without probable cause.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's Fourth Amendment and

## Fourteenth Amendment Rights

62. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 61 with the same force and effect as if more fully set forth at length herein.

63. Defendants, who were acting in concert and within the scope of their authority, and arrested and caused plaintiffs to be imprisoned without probable cause in violation of plaintiffs' right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth

Amendment to the Constitution of the United States. Furthermore, defendants denied plaintiffs' their rights to be free of unreasonable searches and seizures under the Fourth Amendment of the Constitution of the United States when they searched plaintiffs without probable cause.

## SECOND CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment Rights

64. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 63 with the same force and effect as if more fully set forth at length herein.

65. The use of excessive force by defendants, acting in concert, in punching, pushing, striking, and tightly handcuffing and shackling plaintiffs was an objectively unreasonable physical seizure of plaintiff in violation of their rights under the Fourth Amendment to the United States Constitution.

## THIRD CAUSE OF ACTION

### Assault

66. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 65 with the same force and effect as if more fully set forth at length herein.

67. Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiffs in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiffs, and that such acts caused apprehension of such contact in the plaintiffs.

68. Defendants New York City Police Officers and Sergeants Richard Roe's # 1-4 were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

69. The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

70. Defendants Macy's Store Detectives John Does # 1-8 were at all times agents, servants, and employees acting within the scope of their employment by the Macy's, Inc., which are therefore responsible for their conduct.

71. Macy's Inc. as the employer of the Macy's defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

72. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FOURTH CAUSE OF ACTION

### Battery

73. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 72 with the same force and effect as if more fully set forth at length herein.

74. Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously battered plaintiffs, when they, in a hostile and/or offensive manner struck plaintiffs without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiffs and caused such battery.

75. Defendants New York City Police Officers and Sergeants Richard Roe's # 1-4 were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

76. The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

77. Defendants Macy's Store Detectives John Does # 1-8 were at all times agents, servants, and employees acting within the scope of their employment by the Macy's, Inc., which are therefore responsible for their conduct.

78. Macy's Inc. as the employer of the Macy's defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

79. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION

### False Arrest

80. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 79 with the same force and effect as if more fully set forth at length herein.

81. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the United States Constitution. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

82. Defendants New York City Police Officers and Sergeants Richard Roe's # 1-4 were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

83. The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

84. Defendants Macy's Store Detectives John Does # 1-8 were at all times agents, servants, and employees acting within the scope of their employment by the Macy's, Inc., which are therefore responsible for their conduct.

85. Macy's Inc. as the employer of the Macy's defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

86. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

87. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 86 with the same force and effect as if more fully set forth at length herein.

88. Macy's and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants Macy's Store Detectives John Does # 1-8, individuals who were unfit for the performance of police duties on May 14, 2011.

89. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SEVENTH CAUSE OF ACTION

### Failure to Intervene

90. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 89 with the same force and effect as if more fully set forth at length herein.

91. Defendants had an affirmative duty to intervene on behalf of plaintiffs, whose constitutional rights were being violated in the presence of other officers.

92. Defendants failed to intervene to prevent the unlawful conduct described herein.

93. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, he was put in fear of their safety, and he was humiliated and subject to excessive force and other physical constraints.

94. Defendants New York City Police Officers and Sergeants Richard Roe's # 1-4 were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

95. The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

96. Defendants Macy's Store Detectives John Does # 1-8 were at all times agents, servants, and employees acting within the scope of their employment by the Macy's, Inc., which are therefore responsible for their conduct.

97. Macy's Inc. as the employer of the Macy's defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

98. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## EIGHTH CAUSE OF ACTION

### Negligence

99. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 98 with the same force and effect as if more fully set forth at length herein.

100. Defendants owed a duty of care to plaintiff.

101. Defendants breached that duty of care by unlawfully seizing, falsely imprisoning, assaulting, attacking, and beating plaintiff with extreme force.

102. As a direct and proximate cause of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

103. All of the foregoing occurred without any fault or provocation by plaintiffs.

104. Macy's, Inc., as the employer of defendants Macy's Store Detectives John Does # 1-8, is responsible for their wrongdoing under the doctrine of respondeat superior.

105. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## NINTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

106. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 105 with the same force and effect as if more fully set forth at length herein.

107. By the actions described herein, defendants Macy's Store Detectives John Does # 1-8, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated plaintiffs statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

108. As a result of the foregoing, plaintiffs were deprived of liberty and sustained great emotional injuries.

109. Macy's, Inc., as the employer of defendants Macy's Store Detectives John Does # 1-8, is responsible for their wrongdoing under the doctrine of respondeat superior.

110. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## TENTH CAUSE OF ACTION

### Municipal Liability under 42 U.S.C. § 1983

111. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 110 with the same force and effect as if more fully set forth at length herein.

112. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of defendant City of New York, which is forbidden by the Constitution of the United States.

113. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department included, but were not limited to, arresting individuals for shoplifting and related offenses without probable cause, as well as inadequate screening, hiring, retaining, training, and supervising its employees with respect to this issue.

114. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of new York and the New York City Police Department were the moving force behind the violation of plaintiffs' constitutional rights as described herein. As a result of the failure of defendant City of New York and the New York City Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City of New York has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

115. The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

116. The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

117. As a result of the foregoing customs, policies, usages, practices, procedures and rules o the City of New York and the New York City Police Department, plaintiff was unlawfully arrested.

118. Defendants collectively and individually, while acting under color of state law were directly and actively involved in violating plaintiff's constitutional rights.

## JURY DEMAND

119. Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff Carmen Caba shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

That the jury find and the Court adjudge and decree that plaintiff Marlene Anthony shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

a. That the plaintiffs recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

b. That the plaintiffs have such other and further relief as the Court shall deem just and proper.

Dated: New York, New York
May 14, 2012

By: _____
DAVID M. HAZAN, ESQ.
JACOBS & HAZAN, LLP
Attorneys for Plaintiffs
11 Park Place, 10th Floor
New York, NY 10007
(212) 577-2690